Harvey F. GARLOTTE, Petitioner–Appellant,

v.

Kirk FORDICE, Governor, Respondent–Appellee.

No. 92–7396
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1995.

Harvey F. Garlotte, Leakesville, MS, Pro Se.

Jo Anne M. McLeod, W. Edward Hatten, Jr., Sp. Asst. Attys. Gen. and Mike Moore, Atty. Gen., Jackson, MS, for Appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Petitioner Harvey F. Garlotte ("Garlotte") brings a habeas corpus action pursuant to 28 U.S.C. § 2254, challenging a 1985 state conviction for possession of marijuana. The district court, adopting the magistrate judge's Report and Recommendation, dismissed the petition. We granted Garlotte's request for a Certificate of Probable Cause, ordering Respondent Kirk Fordice ("Fordice") to brief the issue of whether the district court prematurely dismissed Garlotte's petition without requiring an answer or conducting an evidentiary hearing.

Garlotte was sentenced to three years on the possession of marijuana charge. At the same time he received two concurrent life sentences for murder to run consecutive to that three year sentence. The present petition targets only the marijuana conviction which Garlotte has already discharged. Con-

cluding that Garlotte was not "in custody" for purposes of § 2254, we affirmed the district court's dismissal of the petition for lack of jurisdiction pursuant to 28 U.S.C. § 2254. The Supreme Court subsequently reversed that affirmance, holding that Garlotte remains "in custody" under all of his consecutively imposed sentences until all are served and may attack the conviction underlying the sentence scheduled to run first in the series. *Garlotte v. Fordice*, — U.S. —, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). Therefore, the Supreme Court remanded the case for further proceedings. *Id.*

Garlotte advances fifteen points of error on appeal, contending that his guilty plea was unlawful on various grounds, including ineffective assistance of counsel, double jeopardy, and generally whether his plea was knowing, intelligent and voluntary. Having reviewed the record and briefs on appeal, we have concluded that there is no merit to any of his grounds of error. We therefore affirm the district court's dismissal of his habeas corpus petition.

AFFIRMED.